**ORIGINAL**

# In the United States Court of Federal Claims

No. 13-137C
(Filed: May 6, 2014)

**FILED**

MAY 6 2014

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| JASON W. LIEBER, ) | |
| ) | |
| Plaintiff, ) | *Pro Se* Plaintiffs; Motion to Dismiss for |
| ) | Lack of Subject Matter Jurisdiction; |
| v. ) | RCFC 12(b)(1) |
| ) | |
| THE UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

*Jason W. Lieber*, Gilbert, AZ, Plaintiff, *pro se*.

*Elizabeth Anne Speck*, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## OPINION AND ORDER GRANTING MOTION TO DISMISS

**KAPLAN, Judge:**

The plaintiff in this case, Staff Sergeant ("SSG") Jason W. Lieber, proceeding pro se, has filed a complaint claiming that the Army breached a contractual obligation to provide him with a $10,400 bonus upon his re-enlistment in the service. He seeks to recoup damages in the amount of $31,200, which he alleges "will cover interest paid, fines associated with, and time spent on proceeding with this case." Compl. ¶ 7.

The government has filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). Alternatively, it has moved for judgment on the administrative record. On April 21, 2014, in accordance with RCFC 12(d), the Court gave the parties notice that it intended to treat the government's motion to dismiss under RCFC 12(b)(6) as a motion for summary judgment, pursuant to RCFC 56.[1]

---

[1] As the Court indicated in that notice, although the government had moved in the alternative for judgment on the administrative record, that procedural route is not available in this case because the plaintiff is not requesting that the Court review an administrative decision; he is seeking de novo review of a breach of contract claim. Therefore, the appropriate mechanism through which the Court may consider the government's contentions is through a motion for summary

For the reasons set forth below, the Court grants the government's RCFC 12(b)(1) motion to dismiss for lack of jurisdiction.

## BACKGROUND

SSG Lieber joined the Army on October 31, 2006, committing to four years of active duty service. Administrative Record ("AR") Tabs A15-16. His Military Occupation Specialty ("MOS") is 35F or Intelligence Analyst. AR Tab A11 at 15.

On December 30, 2008, two years into his initial service obligation, SSG Lieber agreed to reenlist in the Army, accruing a new expiration term of service date of December 30, 2012. AR Tab A8 at 10-11. Pursuant to Army regulations at the time, SSG Lieber was eligible for a reenlistment bonus on the basis of his MOS. Id.[2]

SSG Lieber received a $5000 "Zone A" reenlistment bonus (AR Tab A8 at 10), pursuant to Army Regulation 601-280, Chapter 5-6 and the Military Personnel ("MILPER") Message 08-241 that was then in effect. Def. App. ("AX") 23, 35 (reproducing, respectively, MILPER Message 08-241 and Army Regulation 601-280, Chapter 5-6). A "Zone A" bonus is provided to reenlistments that occur between twenty-one months of active Federal service and ten years of Active Service. Army Regulation 601-280, Chapter 5-6. A "Zone B" reenlistment is one that occurs between six years and ten years of active service. Id. The regulations provide that "[a] qualified soldier may be paid an SRB only once within each zone of eligibility." Id.

SSG Lieber alleges that on or about August 29, 2012, he signed a second reenlistment contract with the Army which included a promise that he would be provided with a lump-sum reenlistment bonus of $10,400. Compl. ¶ 4. He further alleges that upon signing the contract he immediately took an oath of reenlistment in the presence of his fellow service members. Id.

According to the "Enlistment/Reenlistment Document" attached to the plaintiff's complaint, at the time he signed the agreement, SSG Lieber had already served some five years, nine months, and twenty-eight days of active duty; his re-enlistment was for an additional six-year period. Section 8(a) of the Form indicates that SSG Lieber would receive an "Overseas Assignment Reenlistment Option (Hawaii AP)" and an "SRB A Zone" paid in a lump sum as authorized by "IAW Milper Message 12-295 para 4." In addition, in Part II of the document, there is a handwritten notation from SSG Lieber, recording that he had been promised a $10,400 bonus and reassignment to Hawaii.

---

contentions is through a motion for summary judgment. Lewis v. United States, 114 Fed. Cl. 682, 684 n.1, 685 (2014); Williams v. United States, 100 Fed. Cl. 263, 265 (2011) (both converting government's motions to dismiss or in the alternative for judgment on the administrative record to motions for summary judgment).

[2] The regulations provide that the "MOS designated for the [Selective Reenlistment Bonus—"SRB"] will be announced by message from Commander, HRC-Alexandria, Attn: AHRC-EPR." AX 35.

2

SSG Lieber alleges that the next day, on or about August 30, 2012, he was notified that he should report to the Retention office to discuss his contract. Compl. ¶ 5. At that time, he was told "that the contract was written incorrectly and would not be honored." Id. Specifically, SSG Lieber states that he was informed that because he had already received a bonus in his "Alpha Zone" (i.e. Zone A) he was ineligible under Army Regulations to receive a second one. Id. According to a sworn statement submitted by Sergeant First Class ("SFC") JedediahWells, on August 29, he discovered that SSG Lieber had already received the Zone A bonus and that, because of this "discrepancy," SSG Lieber was not eligible for a Zone B bonus until November 2012; he explained this to SSG Lieber on August 30. AR Tab B5 at 109-111.

Thereafter, SSG Lieber complained to the Inspector General's office, which referred him to the Post Retention Office. Compl. ¶ 5. According to SSG Lieber, he received assurances from SFC Prada in the Post Retention Office "that there was nothing to worry about" and that he would still receive both his assignment to Hawaii and the $10,400 bonus. Id. SFC Prada told SSG Lieber that he would "just have to wait until the 1st of November 2012, as that would mark the beginning of [SSG Lieber's] seventh year on active duty." Id.

Despite these assurances, on September 17, 2012, SSG Lieber received a phone call notifying him again that he would not be receiving the $10,400 bonus. Compl. ¶ 5. In fact, MILPER Message 12-294, which was released on that day, stated that, effective October 15, 2012, soldiers with SSG Lieber's MOS and rank were not eligible for an SRB. AX 16. Although SSG Lieber's command requested an exception from the new policy for him, the Army disapproved the request. AR Tab B1 at 62, Tab B4 at 68. According to the government (Def.'s Mot. 6), at that point the Army gave SSG Lieber the option of either requesting processing for a defective or unfulfilled reenlistment request in order to re-establish his previous May 29, 2013 Expiration Term of Service Date, or correcting his reenlistment to reflect no bonus entitlement. He chose the latter, executing a new enlistment document that reflects the assignment to Hawaii but no bonus. AR Tabs A1-3.

## DISCUSSION

The Court of Federal Claims has jurisdiction under the Tucker Act to hear "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act waives the sovereign immunity of the United States to allow a suit for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), but it does not confer any substantive rights on a plaintiff. United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive right to money damages from the United States arising out of a contract, statute, regulation or constitutional provision. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may go outside of the pleadings when ruling on a motion to dismiss under RCFC 12(b)(1) and "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v.

3

United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, as this one is, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 Fed. App'x 860 (Fed. Cir. 2004).

In this case, SSG Lieber does not allege a statutory or regulatory entitlement to receive the bonus he seeks, and the Court's independent analysis has not detected any basis for such a claim. See Martinez v. United States, 77 Fed. Cl. 318, 323 (2007) (observing that where a complaint has been filed by a pro se litigant, the court should look to the record as well as the complaint to determine if the plaintiff "has a cause of action somewhere displayed") (quoting Ruderer v. United States, 412 F.2d 1285, 1292 (Ct. Cl. 1969))), aff'd, 260 Fed. App'x 298 (Fed. Cir. 2008) (per curiam). Instead, he has alleged a right to recover damages based on an alleged breach of contract by the government.[3]

While this Court has jurisdiction over claims founded on contracts with the government, it is well established that a service member's entitlement to pay and other benefits is set by statute and regulation and not by contract. United States v. Larionoff, 431 U.S. 864, 869 (1977); Schism v. United States, 316 F.3d 1259, 1272 (Fed. Cir. 2002) (en banc). Therefore, the failure to pay a military bonus does not give rise to a claim for breach of contract. Favreau v. United States, 317 F.3d 1346, 1356-57 (Fed Cir. 2002); see also Bell v. United States, 366 U.S. 393, 401 (1961) (observing that "common-law rules governing private contracts have no place in the area of military pay"). Nor can the doctrine of equitable estoppel be invoked to enable the plaintiff to enforce the verbal and written representations made to him about his bonus entitlement. Under equally well-established precedent, promises made by military personnel regarding bonus entitlements that are inconsistent with governing laws and regulations may not serve as the basis for a claim for monetary relief. Parker v. United States, 461 F.2d 806, 809 (Ct. Cl. 1972); see also Brant v. United States 597 F.2d 716, 720 (Cl. Ct. 1979). As the Supreme Court observed in Office of Personnel Management v. Richmond, 496 U.S. 414, 416, 419-20 (1990), the doctrine of equitable estoppel cannot provide a basis for recovering monetary benefits that have been mistakenly promised by a government official because "payments of money from the Federal Treasury are limited to those authorized by statute." For these reasons, the Court lacks jurisdiction over SSG Leiber's claims under the Tucker Act. See Moden v.

---

[3] The plaintiff does not appear to be alleging a statutory claim for a re-enlistment bonus under 37 U.S.C. § 308 (and the Court's independent analysis has found no apparent basis for such a claim) Therefore, the Court need not resolve the merits of the government's argument that section 308 is not a "money-mandating" statute for purposes of invoking this Court's Tucker Act jurisdiction because it employs the term "may" with respect to the Secretary's decision to grant enlistment bonuses. The Court notes, nonetheless, that the government's argument appears to conflict with the Supreme Court's decision in United States v. Larionoff, 431 U.S. 864, 869 (1977), in which it considered and favorably adjudicated claims for enlistment bonuses based on section 308, brought by a class of service members. See also Parker v. United States, 461 F.2d 806 (Ct. Cl. 1972) (exercising jurisdiction over claim for enlistment bonus under section 308); Hale v. United States, 107 Fed. Cl. 339, 346 (2012) (expressly holding that Tucker Act jurisdiction lies for claim based on 37 U.S.C. §308i(a)(1) for prior-service enlistment bonus for reservists).

4

United States, 404 F.3d 1335, 1341 (Fed. Cir. 2005) (dismissal for lack of subject matter jurisdiction is appropriate where a claim is "foreclosed by prior decisions of [the Supreme] Court, or otherwise completely devoid of merit as not to involve a federal controversy") (quoting Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998)) .

## CONCLUSION

SSG Leiber has not met his burden of demonstrating that this Court has jurisdiction over his claim that the government wrongfully denied him a reenlistment bonus. For that reason, the government's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED** and the complaint is dismissed without prejudice.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge